United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORI JENKS, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00812 |
| | § | |
| ALLIED POWER GROUP, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three dispositive motions: Defendant Allied Power Group, LLC's Motion for Partial Summary Judgment (Dkt. 21), Plaintiffs' Joint Motion for Partial Summary Judgment on Fraud in the Inducement Claim (Dkt. 38), and Plaintiffs' Joint Motion for Partial Summary Judgment on Breach of Contract and Parol Evidence (Dkt. 46).[1] After careful consideration of the briefing, the record, and the applicable law, the Court **DENIES** the pending motions (Dkts. 21, 38, 46).

### I.    BACKGROUND

Plaintiffs Lori Jenks ("Jenks"), Brent Katsakos ("Katsakos"), and Combustion Parts, Inc. ("CPI") entered into an agreement with Defendant Allied Power Group, LLC ("Allied") to sell certain assets to Allied. (Dkt. 10 at p. 7). Plaintiffs are suing Allied for various breach of contract claims, as well as fraud in the inducement. (Dkt. 1). Allied brings counterclaims against the Plaintiffs for breach of contract, alleging, among other things,

---

[1] Also pending before the Court is Defendant Allied Power Group, LLC's Motion to Strike Plaintiffs' Untimely Reply Brief and Alternatively Motion for Leave To File Sur-Reply (Dkt. 47). The Court **DENIES** the Motion (Dkt. 47).

that Plaintiffs have breached the Agreement by filing the present lawsuit. (Dkt. 10 at p. 11).

Allied also brings a declaratory judgment counterclaim. *Id*.

## II.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment "when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). A summary judgment movant who does not bear the burden of persuasion at trial can prevail on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## III.    ANALYSIS

The Court finds that genuine issues exist as to all claims brought by Plaintiffs and as to all counterclaims brought by Allied. Accordingly, this matter is not appropriate for summary judgment, and the Court denies the pending motions.

**A.      Allied's Motion for Partial Summary Judgment**

  *i.  Claims Brought by Jenks and Katsakos*

Allied argues, in two footnotes, that "Jenks and Katsakos have no claims against [Allied]" because the portion of the purchase agreement relevant to this dispute governs the behavior of "'Seller,' which is CPI, not Jenks or Katsakos." (Dkt. 21 at p. 16 fn 50); *see also* (Dkt. 28 at p. 5 fn 12). Jenks and Katsakos are, however, signatories of the Agreement. (Dkt. 27-14 at pp. 29 – 30). Plaintiffs do not brief this issue in their response. See (Dkt. 27).

Texas law[2] requires privity of contract to assert a breach-of-contract claim. *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App. 2017); *see also Schambacher v. R.E.I. Elec., Inc.*, No. 02-09-00345-CV, 2010 Tex. App. LEXIS 6426, 2010 WL 3075703, at *3 (Tex.App. - Fort Worth Aug. 5, 2010, no pet.) ("Privity of contract is established by proving that the defendant was a party to an enforceable contract with … the plaintiff[.]"). Jenks and Katsakos have such privity with Allied. *See* (Dkt. 27-14 at pp. 29 – 30). Further, the Fifth Circuit has found that "a breach of contract is a sufficient injury for standing purposes." *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 451 (5th Cir. 2022). Accordingly, Jenks and Katsakos are able to bring breach-of-contract claims against Allied, and Allied's request to dismiss their claims on these grounds is **DENIED**.

  *ii.  Plaintiffs' Claims*

---

[2] Because this case is before the Court on diversity jurisdiction, Texas substantive law applies. *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023).

The Court finds that genuine issues of material fact exist as to all of Plaintiffs' claims. Accordingly, the Court holds that the movants are not entitled to judgment as a matter of law, and Allied's Motion (Dkt. 21) as to these claims is **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law. FED. R. CIV. P. 56.

Any objections to the summary judgment evidence are **OVERRULED** without prejudice to being reasserted at trial. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be admissible at trial."). Any other pending motions or requests related to this claim are **DENIED as MOOT** without prejudice to being reasserted at a later date.

### iii.    Allied's Counterclaims

The Court finds that genuine issues of material fact exist as to Allied's counterclaims. Accordingly, the Court holds that the movants are not entitled to judgment as a matter of law, and Allied's Motion (Dkt. 21) as to these claims is **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law. FED. R. CIV. P. 56.

Any objections to the summary judgment evidence are **OVERRULED** without prejudice to being reasserted at trial. *See Lee*, 859 F.3d at 355. Any other pending motions

or requests related to this claim are **DENIED as MOOT** without prejudice to being reasserted at a later date.

**B.     Plaintiffs' Motions for Partial Summary Judgment**

Again, the Court finds that genuine issues of material fact exist as to all of Plaintiffs' claims. Accordingly, the Court holds that the movants are not entitled to judgment as a matter of law, and Plaintiffs' Motions (Dkts. 38, 46) are **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law. FED. R. CIV. P. 56.

Any objections to the summary judgment evidence are **OVERRULED** without prejudice to being reasserted at trial. *See Lee, 859 F.3d at 355*. Any other pending motions or requests related to this claim are **DENIED as MOOT** without prejudice to being reasserted at a later date.

## IV.     CONCLUSION

The Court finds that genuine issues of material fact exist as to each claim and counterclaim in this lawsuit. As such, this matter is not appropriate for summary judgment. The Court **DENIES** Defendant Allied Power Group, LLC's Motion for Partial Summary Judgment (Dkt. 21), Plaintiffs' Joint Motion for Partial Summary Judgment on Fraud in the Inducement Claim (Dkt. 38), and Plaintiffs' Joint Motion for Partial Summary Judgment on Breach of Contract and Parol Evidence (Dkt. 46).

SIGNED at Houston, Texas on March 24, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE